IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
LUFKIN DIVISION

| | | |
|---|---|---|
| PABLO ADALID SANTOS-RIVERA,<br><br>*Petitioner*,<br><br>v.<br><br>WARDEN, in his or her official capacity as Warden of the IAH Polk Adult Detention Facility; FIELD OFFICE DIRECTOR, in his or her official capacity as Field Office Director of ICE Enforcement and Removal Operations, Houston Field Office; MARKWAYNE MULLIN, in his official capacity as Secretary of the Department of Homeland Security; and TODD BLANCHE, in his official capacity as Attorney General of the United States,<br><br>*Respondents*. | § § § § § § § § § § § § § § § § § § § | CIVIL ACTION NO. 9:26-CV-00663<br>JUDGE MICHAEL J. TRUNCALE |

**ORDER DENYING PETITION FOR WRIT OF HABEAS CORPUS PURSUANT TO 28 U.S.C. § 2241**

Before the Court is Petitioner Pablo Adalid Santos-Rivera ("Petitioner")'s Petition for Writ of Habeas Corpus Pursuant to 28 U.S.C. § 2241 (the "Petition"), which was filed on August 24, 2026. [Dkt. 1]. For the reasons stated below, the Court **DENIES** the Petition.

## I. BACKGROUND

Petitioner is a native and citizen of Honduras who unlawfully entered the United States with his family on or about August 28, 2023. [Dkt. 1 at ¶ 19]. He presented himself to immigration authorities, who served him with a Notice to Appear on August 30, 2023 and charged him under section 212(a)(6)(A)(i) of the Immigration and Nationality Act as a person present in the United States without admission or parole. *Id.* Petitioner was placed in removal proceedings under 8 U.S.C. § 1229a, but

subsequently released from custody. *Id.* His removal proceedings remain pending, and he has lived in the community with his family ever since. *Id.*

On July 28, 2026, police officers stopped Petitioner while he was driving to work. *Id.* at ¶ 21. ICE officers arrived at the scene and took Petitioner into immigration custody, where he remains detained. *Id.* On August 24, 2026, Petitioner filed his Petition for Writ of Habeas Corpus and a Motion for Order to Show Cause. [Dkts. 1, 2]. The Petition is ripe for review.

## II. LEGAL STANDARD

Habeas petitions under 28 U.S.C. § 2241 serve the "sole function" of challenging the legal basis for the petitioner's detention. *Pierre v. United States*, 525 F.2d 933, 935–36 (5th Cir. 1976). A petitioner is entitled to relief under § 2241 if he is held "in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2241(c)(3). In a habeas proceeding, the petitioner bears the burden of proof and must demonstrate by a preponderance of the evidence that he is being held unlawfully. *Villanueva v. Tate*, 801 F. Supp. 3d 689, 696 (S.D. Tex. 2025).

## III. DISCUSSION

### A. Unlawful Arrest and Seizure

Petitioner's first argument is that he is entitled to release because his initial arrest and seizure were unlawful. [Dkt. 1 at ¶¶ 26–34]. However, an unlawful arrest, without more, does not entitle the arrestee to habeas relief. *See Howard v. Allgood*, 272 F. Supp. 381, 384 (E.D. La. 1967) ("[A]n unlawful arrest in itself is not grounds for setting aside an otherwise valid conviction"); *United States ex rel. Bilokumsky v. Tod*, 263 U.S. 149, 158 (1910) ("[I]f sufficient ground for [the petitioner's] detention by the government is shown, he is not to be discharged for defects in the original arrest . . . ."). Because Petitioner illegally entered the United States and remains present in the United States without legal status, he is deportable. *See* 8 U.S.C. §§ 1182(a)(6)(A)(1), 1227(a)(1)(A). Accordingly, Petitioner's ongoing confinement during deportation proceedings is lawful regardless of whether he was lawfully arrested. *See id.* § 1226(a); *Howard*, 272 F. Supp. at 384; *Bilokumsky*, 263

U.S. at 158. Petitioner is therefore not entitled to habeas relief. *See Pierre*, 525 F.2d at 935; *Carson v. Johnson*, 112 F.3d 818, 820–21 (5th Cir. 1997) (Smith, J.).

**B. Due Process**

Under the current statutory scheme, noncitizens who have not been admitted or who arrive in the United States are "applicants for admission." 8 U.S.C. § 1225(a)(1). In a related provision, Congress provided for the detention of this group of individuals, stating that, "in the case of an alien who is an applicant for admission, if the examining immigration officer determines that an alien seeking admission is not clearly and beyond a doubt entitled to be admitted, the alien shall be detained for [removal proceedings] under section 1229a of this title." 8 U.S.C. § 1225(b)(2)(A). Thus, earlier this year, the Fifth Circuit made clear that applicants for admission are subject to mandatory detention without eligibility for bond. *Buenrostro-Mendez*, 166 F.4th 494, 502 (5th Cir. 2026). Petitioner is an applicant for admission within the meaning of the statute because he has not been admitted and it is not clear beyond doubt that he is entitled to be admitted. [Dkt. 1 at ¶ 19]. He is therefore subject to mandatory detention without bond under the Fifth Circuit's decision.

Recently, the Fifth Circuit weighed in on whether aliens in Petitioner's position can raise certain due process challenges to their immigration custody. *Rodriguez v. Vergara*, No. 26-50183, 2026 WL 3181188 (5th Cir. Oct. 23, 2026). The Fifth Circuit rejected the argument that alien detainees are entitled to additional process under procedural due process principles. Specifically, the Fifth Circuit held that the key inquiry under § 1225(b) is whether the alien is an "applicant for admission" who is "clearly and beyond a doubt entitled to be admitted"; if he is not, then "he may be detained pending removal proceedings." *Id.* at *7 (citations omitted). An analysis under *Mathews v. Eldridge* does not bear on this inquiry because considerations such as dangerousness, flight risk, and criminal history have no bearing on whether the petitioner is an applicant for admission. *Id.* at *8–9.

Here, Petitioner is an applicant for admission under *Buenrostro-Mendez*, as explained *supra*. That is enough under *Rodriguez* to justify his detainment while his removal proceedings remain

ongoing. Petitioner's argument that he had no individualized hearing where he could prove that he is neither dangerous nor a flight risk is unavailing because these considerations do not affect his status as an applicant for admission and, therefore, the government's authority to detain him. *Rodriguez*, 2026 WL 3181188 at *8–9. Petitioner's procedural due process claim fails.

The Court declines to address Petitioner's third claim for relief—a claim that he is statutorily entitled to a bond hearing under 8 U.S.C. § 1226(a)—because he expressly pleads it only to preserve it on appeal. [Dkt. 1 at ¶ 46]. As he notes and as explained *supra*, the Fifth Circuit's decision in *Buenrostro-Mendez* forecloses such a claim. *Id.*

## IV. CONCLUSION

It is therefore **ORDERED** that Petitioner Pablo Adalid Santos-Rivera's Petition for Writ of Habeas Corpus Pursuant to 28 U.S.C. § 2241 [Dkt. 1] is **DENIED**. All pending motions are **DENIED AS MOOT**.

The Clerk is **INSTRUCTED** to **CLOSE THIS CASE**.

**SIGNED this 23rd day of November, 2026.**

Michael J. Truncale
United States District Judge